UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE ZAGEL
MAGISTRATE JUDGE MASON

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 14 CR 79 |
| v. | Violation: Title 18, United States Code, Section 1343 |
| MARK ORYHON | |

FILED
2-13-14
FEB 13 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

The SPECIAL JULY 2013 GRAND JURY charges:

1. At times material to the indictment:

   a. Defendant MARK ORYHON was the sole principal of a company called L and O Trading.

   b. L and O Trading, through defendant ORYHON, held itself out as a company that invested and managed investor money through the trading of various commodities, commodity options, currency, and futures contracts. L and O Trading operated initially in Texas and later in Chicago, Illinois.

   c. L and O Trading had no commodities brokerage accounts. Instead, any investment trading connected with L and O Trading took place in defendant ORYHON's personal commodities brokerage account with Company A, which was located in Chicago, Illinois.

2.  Beginning in or about 2006, and continuing until approximately the end of 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARK ORYHON,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud and to obtain money and property from investors by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, which scheme is further described below.

3.  It was part of the scheme that defendant ORYHON fraudulently obtained at least approximately $200,000 from approximately five individual investors by making false and misleading representations concerning, among other things: defendant's past professional experience; defendant's investment track record; how defendant would use their money; the expected return on investments; the security of invested funds; and the status of the investments. Defendant ORYHON also misappropriated a substantial portion of invested funds and concealed the scheme by, among other things, creating and distributing false periodic account statements.

4.  It was further part of the scheme that defendant ORYHON induced individuals to invest with him by falsely representing that he served as a partner at two different investment companies.

5.  It was further part of the scheme that defendant ORYHON induced individuals to invest with him through false representations and promises that ORYHON

would use their money to trade commodities, commodity options, currency, and futures contracts, when defendant ORYHON intended to and did misappropriate a substantial portion of the investor funds for his own benefit.

6. It was further part of the scheme that defendant ORYHON induced individuals to invest with him through false statements about his past trading results, and by inflating past profit margins.

7. It was further part of the scheme that defendant ORYHON falsely told investors that their investments or a portion of their investments were guaranteed, at times when defendant had already lost and misappropriated investors' funds.

8. It was further part of the scheme that defendant ORYHON created and distributed to investors by email false and misleading periodic account statements that inflated the balance in their accounts and that showed interest and profits that did not actually exist. For instance, in February 2009, defendant ORYHON provided periodic account statements to investors totaling approximately $254,000, when in fact the brokerage account had a negative balance.

9. It was further part of the scheme that defendant ORYHON made a payment to at least one investor and falsely claimed that the payment reflected the profit on invested funds, when in fact the funds came from money provided to defendant by investors.

10. It was further part of the scheme that defendant ORYHON falsely told at least one investor that he needed a loan of funds to maintain an investment, when in fact

defendant ORYHON used a substantial portion of these funds for his own benefit.

11. It was further part of the scheme that, in order to lull investors and prevent the fraud from being uncovered, defendant ORYHON falsely promised investors that he would return investors' funds and that the funds were delayed because of problems with the account or the banks, when ORYHON knew that he no longer had the investors' money and did not have funds available to repay the investors.

12. It was further part of the scheme that defendant ORYHON concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence, purpose, and acts done in furtherance of the scheme.

13. As a result of the scheme, defendant ORYHON fraudulently obtained at least approximately $200,000 from approximately 5 investors.

14. On or about February 15, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARK ORYHON,

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, to Texas, by way of a location outside Texas, namely an email from defendant to a victim provider of funds, which email included a fraudulent L and O Trading periodic account statement;

In violation of Title 18, United States Code, Section 1343.

## **COUNT TWO**

The SPECIAL JULY 2013 GRAND JURY further charges that:

1. Paragraphs 1 through 13 of Count One of this indictment are incorporated here.

2. On or about March 11, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

**MARK ORYHON,**

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, to Texas, by way of a location outside Texas, namely an email from defendant to a victim provider of funds, which email included a fraudulent L and O Trading periodic account statement;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The SPECIAL JULY 2013 GRAND JURY further charges that:

1. Paragraphs 1 through 13 of Count One of this indictment are incorporated here.

2. On or about April 3, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARK ORYHON,

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, to Texas, by way of a location outside Texas, namely an email from defendant to a victim provider of funds, which email included a fraudulent L and O Trading periodic account statement;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL JULY 2013 GRAND JURY further charges that:

1. Paragraphs 1 through 13 of Count One of this indictment are incorporated here.

2. On or about April 5, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

## MARK ORYHON,

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, to Texas, by way of a location outside Texas, namely an email from defendant to a victim provider of funds, which email included a fraudulent L and O Trading periodic account statement;

In violation of Title 18, United States Code, Section 1343.

7

## COUNT FIVE

The SPECIAL JULY 2013 GRAND JURY further charges that:

1. Paragraphs 1 through 13 of Count One of this indictment are incorporated here.

2. On or about May 12, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARK ORYHON,

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, to Texas, by way of a location outside Texas, namely an email from defendant to a victim provider of funds, which email included a fraudulent L and O Trading periodic account statement;

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The SPECIAL JULY 2013 GRAND JURY further alleges:

1. The allegations contained in this indictment are incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. As a result of the violations of Title 18, United States Code, Section 1343, as alleged in Counts One through Five of this indictment,

MARK ORYHON,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), all property constituting, and derived from, and traceable to, proceeds obtained, directly or indirectly, as a result of defendant's violations of Title 18, United States Code, Section 1343, including approximately $200,000.

3. If any of the forfeitable property described above, as a result of any act or omission by the defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

  e. Has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY